Argued and submitted October 17, reversed and remanded with
instructions November 26, 1979, reconsideration denied January 3,
petition for review denied January 15, 1980 (288 Or 335)

STATE OF OREGON,
*Respondent,*
*v.*
GEORGE MICHAEL EATON,
*Appellant.*

(No. 18-602, CA 13072)

602 P2d 1159

Thomas J. Crabtree, Deputy Public Defender,
Salem, argued the cause for appellant. With him on
the brief was Gary D. Babcock, Public Defender,
Salem.

W. Benny Won, Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief
were James A. Redden, Attorney General, and Walter
L. Barrie, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Thornton and
Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Defendant appeals from his conviction, after trial by jury, of burglary in the first degree, ORS 164.225. The sole question on appeal is whether the building which he entered unlawfully is a "dwelling" within the meaning of ORS 164.205(2).[1] We hold that it is not and reverse and remand for entry of conviction of burglary in the second degree.

The information of the district attorney charged defendant with unlawfully and knowingly entering and remaining in a dwelling in the Jesuit Church Camp near Pacific City, with the intent to commit theft, on or about November 17, 1976.[2]

The two-story building involved is lived in for an eight-week period each summer by Jesuit students studying for the priesthood. It is undisputed that the building was vacated by the students in August 1976. When people associated with the camp first returned the following May, they noticed several items missing. Subsequently, those items were found in defendant's possession, leading to his conviction.

ORS 164.225 provides in pertinent part:

"(1) A person commits the crime of burglary in the first degree if he violates ORS 164.215 and the building is a dwelling * * * "

ORS 164.215 provides:

"(1) A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein."

"Dwelling" is defined by ORS 164.205(2) as "a building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present."

---

[1] Defendant acknowledges that he did not raise this issue at trial by way of motion for judgment of acquittal. Under 7.19, Rules of Procedure of the Oregon Supreme Court and Court of Appeals, we may exercise our discretion to take notice of errors of law apparent on the face of the record. We do so in this case.

[2] The prosecution conceded that the date was conjectural.

[471]

Where an eight-week period of occupancy is followed by 44 weeks of vacancy, and where the burglary occurred months after the last occupant left, we conclude that the structure is not occupied "regularly or intermittently."

Reversed and remanded for entry of conviction of burglary in the second degree and for resentencing.