Argued and submitted December 19, 1983, affirmed March 14, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## WILFRED ALAN SCHOBER,
*Appellant.*

(83-60688; CA A29064)

678 P2d 746

Jeffrey S. Matthews, Eugene, argued the cause for appellant. With him on the brief was Behrends & Matthews, Eugene.

Christine A. Chute, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals from his conviction for driving under the influence of intoxicants. ORS 487.540. He assigns as error that the court did not sustain his objection to the introduction of testimony of two police officers in the state's rebuttal case. We affirm.

Officer Means stopped defendant's vehicle. Means taped the conversation with defendant that followed. He told defendant he was driving too slowly, swerving, and that he smelled alcohol. Defendant told Means, "I don't drink." After he was arrested, defendant refused to submit to an intoxilyzer test.

At the trial the state played the tape that Means made of the conversation. In the defense case, defendant's counsel asked him what he meant by his statement that he does not drink. Defendant explained:

"Really, its for all practical purposes I do not drink. But I might have had a drink or two. You know . . . nothing . . . substantial . . . with dinner or something like this on special occasions, or a party or something like this, I'll have a drink just to be sociable. Just, I mean, not very much. Maybe a glass of wine or a shot of brandy or something like this. When I say I don't drink I mean there is not enough really that you could even call it drinking. Over a period of a year, it's really slight . . . ."

The prosecutor asked defendant on cross-examination:

"Q:  But you don't drink yourself?

"A:  No, not to speak of.

"Q:  Now, on two other occasions officers have stopped you who found an odor of alcohol on your breath, haven't they?

"Defense counsel: I have to object to this, Your Honor."

The prosecutor then advised the court out of the presence of the jury:

"Prosecutor: I'll tell Your Honor what I was going to ask him; the questions I was going to ask him.

"Judge: O.K.

"Prosecutor: Was . . . were you ever stopped by an officer who detected an odor of alcohol on your breath. And I'll give

him the dates, as I've done in this. And if he says, 'No', I will bring the officer in that says, 'I stopped this man and on two occasions he was under the influence.' "

The court overruled defendant's objection, stating:

"This is no different than impeachment on any factual issue where there is one witness says the car that went through the red light was black and then he's cross-examined on the basis of other times he said the car was green . . . that's the kind of impeachment we've got here."

It allowed the prosecutor to cross-examine defendant about drinking on the two prior occasions and, in the state's rebuttal case, to introduce the testimony of Officers Hales and Parks. It instructed the prosecutor, however, not to bring out that defendant, on either occasion, had been arrested for driving under the influence of intoxicants, or that he was in a vehicle, because that evidence was more prejudicial than probative.[1]

The prosecutor asked Hales if he had had contact with defendant on February 11, 1980:

"A:  Yes, I did.

"Q:  Did you have occasion to make some observations of him as regards sobriety?

"A:  Yes, I did.

"Q:  Can you tell us what those observations were?

"A:  Mr. Schober had a strong odor of alcoholic beverage on his breath. He had difficulty with his balance. He had difficulty with his speech. Confusion with numbers.

"Q:  Did you . . . ask him if he had been drinking?

"A:  Yes, I did.

"Q:  What did he say?

"A:  He said he had not.

"Q:  Did he take some field sobriety test . . .?

---

[1] Parks testified:

"Upon contacting Mr. Schober . . . I noted an odor of an alcohol beverage coming from the vehicle in which he was in. I asked him to exit the vehicle to perform some tests, which he refused to do. I explained the reason for my request, saying I detected an odor of an alcoholic beverage coming from within the vehicle and I needed him to exit the vehicle to get a better sense of his, if it was coming from his mouth area or the vehicle itself and to do some field sobriety tests."

The trial court instructed the jury to disregard the above testimony.

"A: Yes.

"Q: Could you tell us what those were and how he did on them?

"A: Yes. . ."[2]

The prosecutor asked Parks similar questions about his contact with defendant on November 28, 1982.

■■ Defendant argues that the testimony of Hales and Parks was inadmissible, because it was on "collateral" matters, that its prejudical effect outweighed its probative value and that OEC 608(2) bars it. We disagree. On direct examination in his defense case, defendant had qualified his remark to Officer Means that, "I don't drink," but stated, nonetheless, that "for all practical purposes I do not drink." The jury could infer from defendant's testimony that on the night of his arrest he did not drink at all or did not drink enough to affect his behavior. To contradict defendant's testimony, the state could introduce rebuttal testimony that he appeared to have been drinking on two previous occasions and that his drinking appeared to affect his behavior. Because of defendant's testimony on his direct examination, the rebuttal testimony of Hales and Parks was not "collateral." Moreover, the court did not abuse its discretion in concluding that the probative value of the testimony of Hales and Parks outweighed the danger of unfair prejudice to defendant. *See* OEC 403;[3] *see State v. Lerch,* 296 Or 377, 677 P2d 678 (1984).

■ OEC 608(2) does not bar the testimony of Hales and Parks.[4] It was not introduced to attack defendant's credibility

---

[2] Hales then demonstrated for the jury how defendant performed on the field sobriety test. Defendant objected, and the court sustained his objection.

[3] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

[4] OEC 608(2) provides:

"Specific instances of the conduct of a witness, for the purpose of attacking or supporting the credibility of the witness, other than conviction of crime as provided in ORS 40.355 [Rule 609] of this Act, may not be proved by extrinsic evidence. Further, such specific instances of conduct may not, even if probative of truthfulness or untruthfulness, be inquired into on cross examination of the witness."

by showing specific instances of defendant's conduct, but to contradict his testimony on a specific matter to which he had testified on his direct examination—that "for all practical purposes I do not drink." The court did not err in overruling defendant's objection.

Affirmed.