Argued and submitted July 27, 1984, reversed and remanded January 9, 1985

## STATE OF OREGON,
*Respondent,*

*v.*

## GARY RICHARD PARKS,
*Appellant.*

(10-82-09941; CA A29892)

693 P2d 657

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Philip Schradle, Assistant Attorney General, Salem,

argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction for assault in the second degree. ORS 163.175. The indictment charged defendant with assault in the second degree for "knowingly causing physical injury to Max Ansola, Jr., by shooting [him] with a hand gun, a deadly and dangerous weapon," and with attempted murder for "intentionally attempt[ing] to cause the death" of the same victim. ORS 163.115; 161.405. The jury found defendant guilty of assault and not guilty of attempted murder. We reverse the conviction and remand.

Defendant and Ansola had an acrimonious business and personal relationship. In November 1982, they confronted each other in a parking lot. Ansola's car had scraped the side of defendant's car. Defendant reached into his car and retrieved his jacket, which had a gun in it. He drew the gun. It discharged, and Ansola was wounded in the arm. Defendant claimed that it fired accidentally while he and Ansola were scuffling. Ansola and another witness for the state testified that there was no scuffle at all, but that defendant pointed the gun at Ansola and fired from five or six feet away. A ballistics expert testified that the shot was probably fired two feet from the victim's arm but possibly as much as six feet away.

Defendant testified on direct examination in his own defense:

"Q. What happened?

"A. Then the gun went off. That was a very stupid thing and I'll never forget it.

"Q. Let me stop you there for a moment. Did you intend for that weapon to go off and physically injure Max Ansola?

"A. No, I intended to scare him back in the car with it.

"Q. Did you ever intend in your mind to shoot to murder Max Ansola?

"A. No.

"Q. Did you ever intend to even shoot to injure him in any way?

"A. I'd never shoot Max.

"Q. Would you shoot anybody?

"A. No."

The state in rebuttal proposed to offer the testimony

of Michael Ayers that, approximately 20 years before, defendant had chased him around a service station swinging a hammer and yelling threats. A policeman had arrived, but no arrest or charges followed. Defendant objected, asserting that the evidence was inadmissible under either OEC 404(3)[1] or OEC 608.[2] The state urged that Ayers' testimony was admissible to rebut defendant's testimony as to his state of mind when the gun discharged and to show defendant's intent or the absence of mistake or accident.[3] The court ruled that it would admit Ayers' testimony on the ground that it was probative of defendant's intent or the absence of mistake or accident and, alternatively, that it rebutted defendant's direct testimony that "he is not the kind of person who would do that"—that is, shoot Ansola. Defendant assigns as error the court's ruling that Ayers' testimony was admissible. *See State v. Lockner*, 63

---

[1] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[2] OEC 608 provides:

"(1) The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but:

"(a) The evidence may refer only to character for truthfulness or untruthfulness; and

"(b) Evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

"(2) Specific instances of the conduct of a witness, for the purpose of attacking or supporting the credibility of the witness, other than conviction of crime as provided in ORS 40.355, may not be proved by extrinsic evidence. Further, such specific instances of conduct may not, even if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness."

Defendant's objection based on OEC 608 is not well taken. The state did not introduce Ayers' testimony to attack or support defendant's credibility.

[3] The state asserts in its brief:

"The testimony of witness Ayers described a situation similar to the altercation in this case. The prior incident arose out of a domestic dispute involving an ex-wife of defendant. This prior dispute led to a similar parking lot attack in which defendant pulled his car alongside a car containing witness Ayers and defendant's ex-wife, exited his car, confronted witness Ayers, and then grabbed a ball-peen hammer and brandished it as a weapon exhibiting the intent to cause serious bodily harm to witness Ayers."

Or App 354, 357, 663 P2d 792 (1983).

■ We conclude that Ayers' testimony was *not* probative of defendant's intent or the absence of accident at the time when he shot Ansola. The event of 20 years ago is too remote and factually distinct from the altercation with Ansola. It does not have any tendency to prove defendant's state of mind at the time he shot Ansola—to make more probable that defendant intended to shoot Ansola—or that Ansola was shot without mistake or accident. OEC 401; 402. Moreover, even if defendant's testimony was intended as evidence of his character for peacefulness[4] that the state could rebut under OEC 404(2)(a), Ayers' testimony respecting a specific instance of defendant's conduct was not admissible. OEC 405 does not allow evidence of specific instances of conduct to rebut evidence of character that is admissible under OEC 404(2)(a).[5] *See also* commentary to OEC 405.[6] The error was not harmless and requires reversal. *State v. Van Hooser,* 266 Or 19, 25-26, 511 P2d 359 (1973).

---

[4] This case is not like *State v. Schober,* 67 Or App 385, 678 P2d 746 (1984), where the defendant testified that he did not drink. We held admissible rebuttal testimony of police officers regarding two previous occasions when they had observed the defendant to be affected by alcohol. Here defendant did not testify that he had never shot anybody, but only that "I'd never shoot Max" and would not shoot anybody. If he had testified that he had never shot anybody, evidence of a previous instance in which he had shot someone might have been admissible as substantive evidence in rebuttal, provided that it met the general relevancy criteria of OEC 401-403.

[5] OEC 405 provides:

"(1) In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

"(2)(a) In cases in which character or a trait of character of a person is admissible under [OEC 404(1)], proof may also be made of specific instances of the conduct of the person.

"(b) When evidence is admissible under [OEC 404(3)], proof may be made of specific instances of the conduct of the person."

[6] The commentary to OEC 405 states:

"Where character is relevant as circumstantial evidence of some fact in issue—the situation described in ORE 404(2)(a) and (b) for criminal cases and ORE 404(2)(d) for civil—Oregon law has required proof by reputation evidence and disallowed evidence of either opinion or specific instances of conduct. *Rich v. Cooper,* 234 Or 300, 305-308, 380 P2d 613 (1963); *State v. Holbrook,* 98 Or 43, 192 P 640 (1920). Under the Evidence Code, reputation evidence remains admissible and opinion evidence may also be introduced, under this subsection. Specific instances of conduct still may not be shown."

 Because this case is remanded and may be retried, we also consider defendant's assignment that the court erred when it struck the testimony of defendant's wife, a witness to the shooting, that it was "an accident." OEC 704 provides:

> "Testimony in the form of an opinion or inference *otherwise admissible* is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." (Emphasis added.)

OEC 701 provides that lay opinion testimony is admissible if it is rationally based on the perception of the witness and is "[h]elpful to a clear understanding of testimony of the witness or the determination of a fact in issue." Although the court allowed the witness to testify to her objective perceptions of the events, it stated, with respect to the stricken testimony:

> "I see it as analogous to the question in a civil action, 'In your opinion was the defendant negligent?' And that's objectionable, not because it's the ultimate issue to be determined by the jury, but because the witness is not better able than the jury to reach a conclusion on that issue."

We agree.[7]

Reversed and remanded for a new trial.[8]

---

[7] The commentary to OEC 701(2) states:

"Oregon Rule of Evidence 701 is identical in substance to Rule 701 of the Federal Rules of Evidence. Its objective is to put the trier of fact in possession of an accurate reproduction of the event in question. To this end it allows some, but not all, opinion testimony by lay witnesses.

"* * * * *

"This subsection requires that lay opinion testimony be 'helpful' before it is admitted. The Legislative Assembly intends that this limitation exclude nonpercipient lay opinion on questions such as point of impact, estimated speed based upon observation of skid marks, and certainly opinions as to fault. On the other hand, it may allow a witness to communicate in shorthand what the witness has perceived — things such as the speed of an automobile, the identity of a person, the appearance of another person, the sound of footsteps, footprints, distance, uncomplicated illness or injury, apparent age, and so forth."

[8] Defendant had also assigned as error that the court "commented on the evidence" when it gave a cautionary instruction to the jury. The court's instruction was not a comment on the evidence.