## STATE OF OREGON,
*Appellant,*

*v.*

## SCOTT W. RAMEY,
*Respondent.*

(B68-150; CA A42846)

749 P2d 1219

Charlene Woods, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Michael D. Linick, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Under ORS 138.060(1), the state appeals a trial court order that dismissed its complaint against defendant insofar as it accuses him of criminal trespass in the first degree. ORS 164.255. The complaint charged that defendant

"on or about the 28th day of January, 1986, in the county aforesaid, did unlawfully and knowingly enter and remain in the dwelling located at 635 'E' Street, #B, Springfield, Oregon."

The parties stipulated that the court should make a pretrial determination of whether the place was a "dwelling" within the definition of ORS 164.205(2). The court heard evidence on the issue. Its order recites:

"IT IS THE FINDING OF THE COURT that the premises was [sic] not a dwelling within the definition of ORS 164.205(2) at the times relevant herein; now, therefore,

"IT IS HEREBY ORDERED that the crime of Criminal Trespass in the First Degree be and the same hereby is dismissed;

"IT IS FURTHER ORDERED that the lesser included offense of Criminal Trespass in the Second Degree remains at issue in this case."

We reverse.

The facts are not in dispute. Defendant entered a one-bedroom apartment located in a separate building in the back yard of a three-bedroom house. The victim had owned the property for two years. The previous owner had lived in the apartment for four years. The victim had evicted a tenant who had lived there for four months, but he was remodeling the apartment to rent it to his girlfriend. At the time of the alleged entry, the apartment had been vacant for two months.

The remodeling work included plumbing, paneling and insulation. The owner testified that on the date of the entry, the apartment was "fairly well remodeled." The plumbing was in working order. The living room was finished and furnished with a couch, chairs and a table. The bedroom, however, was not completed and was unfurnished. Tools were in the apartment. The new tenant was to move in when the owner completed the remodeling, but no date had been set for completion.

ORS 164.255(1) provides:

"A person commits the crime of criminal trespass in the first degree if the person enters or remains unlawfully in a dwelling."

ORS 164.205(2) defines a dwelling as a

"building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present."

Defendant concedes that the apartment was a "building." The issue is whether it was also a "dwelling." Defendant argues that the building was not a "dwelling" because, when defendant entered it, there was no identifiable person using or authorized to use it for sleeping quarters, whether or not on a regular or intermittent basis.

We hold that the apartment was a "dwelling" within the meaning of ORS 164.205(2). It was occupied "intermittently * * * by a person lodging therein at night," although a person was not actually present when defendant entered. The reason that invading a "dwelling" is made a more serious crime is to "[protect] against invasion of premises likely to terrorize occupants." *State v. McDonald,* 77 Or App 267, 273, 712 P2d 163 (1986), *quoting* Criminal Law Revision Commission, *Proposed Oregon Criminal Code* 143, § 135, Commentary (1970). In *State v. McDonald, supra,* we held that a self-contained travel trailer parked in the driveway of a home was a "dwelling," because relatives and other guests of the owner slept in the trailer several times a year, although the trailer was not occupied when the defendant entered it. It was occupied at night at regular intervals, and the likelihood of terrorizing sleeping occupants existed.

Defendant argues that *State v. McDonald, supra,* is distinguishable, because in that case there were readily identifiable people who were occupying the travel trailer, although on an intermittent basis; the owner's relatives and guests were using the trailer as sleeping quarters on that basis and, when the defendant entered it, the owner's daughter's boyfriend was planning to spend the night in it. Defendant relies on *State v. Eaton,* 43 Or App 469, 602 P2d 1159 (1979), *rev den* 288 Or 335 (1980), where we held that a summer camp building that was used only eight weeks a year as a retreat facility was not a

"dwelling," because the entry occurred months after the last occupant had left.

What we said in *State v. McDonald, supra,* about *State v. Eaton, supra,* is applicable here:

"We believe that *Eaton* is inapposite. The rationale for making burglary a crime is to '[protect] against invasion of premises likely to terrorize occupants.' Criminal Law Revision Commission, *Proposed Oregon Criminal Code* 143, § 135, Commentary (1970). Where a burglary occurs months after the last occupant left, the invasion is unlikely to terrorize any sleeping occupant. Where, however, a building is occupied at night at irregular intervals, the likelihood of terrorizing sleeping occupants exists." 77 Or App at 273.

Here, the apartment had been used by the previous owner for several years as a residence. The present owner had previously rented the apartment to a tenant as a residence for a four-month period and planned to relet it for that purpose in the near future. Contrary to defendant's contention, ORS 164.205(2) does not require that at the time of the entry there must be an identifiable person using or authorized to use the building as sleeping quarters, either regularly or intermittently, although here the victim had even identified a particular person, his girlfriend, to whom he was going to rent the remodeled apartment. Under the circumstances, defendant's entry was likely to terrorize an occupant. The court erred when it dismissed the charge of criminal trespass in the first degree.

Reversed and remanded for trial.