**Lovie D. HOUSTON, Appellant,**

**v.**

**MUNICIPALITY OF ANCHORAGE, Appellee.**

No. A–7930.

Court of Appeals of Alaska.

Dec. 6, 2002.

Dennis P. Cummings, Gorton & Logue, Anchorage, for Appellant.

John E. McConnaughy III, Assistant Municipal Prosecutor, and William A. Greene, Municipal Attorney, Anchorage, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

Lovie D. Houston was convicted under Anchorage Municipal Code (AMC) 8.45.010(A)(2) of trespassing on private business or commercial property because he entered his former apartment after he had notice that the property was not open to him.

Houston argues that the trial court should have granted his motion for judgment of acquittal because the Municipality failed to prove that he had trespassed on "private business or commercial property." He also argues that the court erred by refusing to define "private business or commercial property" for the jury, and by not permitting him to argue that the apartment did not fall within that definition.

Because the Anchorage trespass ordinance distinguishes types of property based on use, not based on who has possessory rights to the property, the Municipality should have charged Houston with trespassing on residential property under AMC 8.45.010(A)(1). However, by convicting Houston of trespassing on commercial property under subsection (A)(2), the jury necessarily found that Houston had entered the apartment without a privilege to do so—the elements necessary to convict him of trespassing on residential property under subsection (A)(1). Moreover, Houston has not shown that he was prejudiced because he was charged under the wrong subsection of the ordinance. For these reasons, we affirm the jury's verdict.

*Facts and proceedings*

On October 2, 2000, Houston was evicted from an apartment at 915 West 29th Street in Anchorage. Houston received notice that he was to be out of the apartment by noon on October 4. Nevertheless, he entered the apartment on October 5, apparently through a window, to retrieve property he had left there. The police arrested him for trespass.

The Municipality charged Houston under AMC 8.45.010(A)(2), which prohibits trespassing on private business or commercial property. After the Municipality presented its case, Houston moved for judgment of acquittal, claiming that the Municipality had failed to show that the apartment he entered was business or commercial property. Houston also asked the court to instruct the jury on the definitions of commercial, residential, and public buildings contained in an unrelated state statute governing the safety of glazing.[1] That statute defines "commercial

1. AS 18.60.780 (defining "glazing" as "the act of    installing and securing glass or other glazing

buildings" as "buildings including but not limited to wholesale and retail stores and storerooms, and office buildings," and "residential buildings" as "structures including but not limited to homes and apartments used as dwellings for one or more families or persons."[2]

District Court Judge John Lohff denied Houston's motion and refused to instruct the jury on his proposed definitions. Judge Lohff did not decide whether the apartment Houston was charged with entering was residential or commercial property. Instead, Judge Lohff ruled that the type of property trespassed upon was irrelevant under the facts of Houston's case because the gravamen of the offense was whether he had entered the apartment when he had notice he was not supposed to be there. Based on this ruling, the court barred Houston from arguing to the jury that the apartment was not commercial property.

Judge Lohff offered several times to permit the Municipality to amend the information to charge Houston with trespassing on residential property. Houston repeatedly opposed that amendment. The Municipality initially declined to amend the charge because the district court had ruled that the apartment was commercial property. But the court later retreated from that ruling, and again offered to permit the Municipality to amend the charge. Houston vigorously opposed any such amendment. He argued that he would be prejudiced if he was charged mid-trial with trespassing on residential property because his defense was that the Municipality had failed to prove that he had entered commercial property, and he

had cross-examined the officers based on that defense.

The jury convicted Houston of trespass.[3] Houston appeals that conviction.

*Was Houston properly charged with trespassing on commercial property?*

■ The jury was instructed that it could convict Houston for trespassing on private business or commercial property under two alternative theories: by finding that he had actual notice that the property was not open to him (Count 1), or by finding that he had violated a prominently posted notice against trespass or use (Count 2).[4] The jury convicted Houston for trespassing when he had actual notice that the property was not open to him,[5] and thus did not reach the latter count.

The threshold issue raised by this appeal is whether the Municipality properly charged Houston with trespassing on business or commercial property for entering his former apartment. Because the ordinance does not define business or commercial property, the definition of those terms are legal issues for this court.[6]

As a general rule, trespass statutes distinguish structures based on their use and on the interest to be protected.[7] Alaska's first-degree criminal trespass statute, like the Model Penal Code, increases the penalty for trespassing if a "dwelling" is involved.[8] A dwelling is defined as "a building that is designed for use or is used as a person's permanent or temporary home or place of lodging."[9] That definition would encompass a "vacant" apartment—in this case, an apartment that was suitable for occupancy but no

material into prepared openings in structural elements including but not limited to doors, enclosures, and panels").

2. AS 18.60.780(2), (12).

3. AMC 8.45.010(A)(2)(c).

4. AMC 8.45.010(A)(2)(b), (c).

5. AMC 8.45.010(A)(2)(c).

6. Cf. *Maness v. State*, 49 P.3d 1128, 1137 (Alaska App.2002) (Mannheimer, J., concurring); *Sears v. State*, 713 P.2d 1218, 1219 (Alaska App.1986).

7. *See* 75 Am.Jur.2d *Trespass* § 187 (2d ed.1991); *cf.* 13 Am.Jur.2d *Burglary* § 28, at 201 (2d ed. 2000) ("It is the element of habitation, not the nature of the structure, that elevates the crime of burglary to first degree.").

8. AS 11.46.320; *American Law Institute, Model Penal Code and Commentaries*, Part II, § 221.2, at 85, 91 (1980).

9. AS 11.81.900(21).

longer had a legal tenant.[10] Most jurisdictions treat vacant apartments as dwellings, based either on the language of their statutes or the policy that an intrusion in even a vacant and unoccupied apartment poses a threat to the personal security of nearby residents.[11]

If other criminal trespass statutes are an appropriate guide, the apartment Houston entered should be defined as "residential" rather than "commercial" because it was a dwelling;[12] even though it had no tenant, it was designed and still suitable for habitation.

But, as the Municipality points out, the Anchorage ordinance is not organized like most trespass statutes. The ordinance distinguishes residential from commercial property not to make trespassing on the former a more serious offense—the penalties for both offenses are identical—but to establish differences in how trespassing on those two types of private property must be proved.

To show that a person trespassed on residential property, the Municipality need only prove that the person had no privilege to be there; to prove that a person trespassed on commercial property, the Municipality must prove that the property was closed to the public, that the property was prominently posted against trespass, that the person had actual notice that the property was not open to him or her, or that the person had been asked to leave by someone with apparent authority to do so. This distinction makes sense because people generally have no right to enter residential property without an invitation (with the exception of areas of ingress and egress that are impliedly open to public use[13]), but they commonly do have the right to enter commercial or business property absent notice that the property is closed or the right to enter has been withdrawn.

The Municipality argues that the ordinance distinguishes the nature of the property trespassed upon based on who has possessory rights to that property. Thus, a rented apartment would be residential property because the tenant would have possessory rights.[14] But because Houston had been

---

**10.** We have held in the context of the state burglary statute that a dwelling does not lose its character as a dwelling simply because it is unoccupied. *See Champion v. State,* 908 P.2d 454, 470 (Alaska App.1995) (noting that Alaska law classifies the burglary of any dwelling, occupied or not, as first-degree burglary); *Shetters v. State,* 751 P.2d 31, 36–37 (Alaska App.1988) (holding, in the context of an ineffective assistance of counsel claim, that the trial jury could have found that an unfinished house that was virtually complete but still unoccupied was a dwelling for purposes of the burglary statute).

**11.** *See, e.g., People v. Silva,* 256 Ill.App.3d 414, 195 Ill.Dec. 484, 628 N.E.2d 948, 952–53 (1993) (unoccupied garden-level apartment undergoing renovation was a dwelling for purposes of the residential burglary statute even though it had been vacant for seven months); *State v. Scott,* 169 N.J. 94, 776 A.2d 810, 815–16 (2001) (rental apartment that was vacant but available and suitable for rent was a dwelling for purposes of the criminal trespass statute); *State v. Ramey,* 89 Or.App. 535, 749 P.2d 1219, 1221 (1988) (apartment was a dwelling for purposes of the criminal trespass statute even though the owner was remodeling it and it had been vacant for two months); *Matter of E.P.,* 963 S.W.2d 191, 193 (Tex.App.1998) (jury could have found that vacant apartment in apartment complex was "habitation" for purposes of the criminal trespass statute because the apartment was adapted for overnight accommodation of persons); *cf. State v. Edwards,* 589 N.W.2d 807, 811 (Minn.App.

1999) (dwelling had not lost its residential character for purposes of burglary statute because the sole occupant had recently died); *People v. Barney,* 294 A.D.2d 811, 742 N.Y.S.2d 451, 453 (2002) (same). *But see Poff v. State,* 4 Md.App. 186, 241 A.2d 898, 900 (1968) (vacant apartment rented to police for sting operation was not dwelling, but a place where furniture was stored pending its rental by a new tenant); *People v. Murray,* 278 A.D.2d 898, 718 N.Y.S.2d 554, 556 (2000) (finding insufficient evidence that the defendant entered a dwelling when he entered a two-family rental unit in which the upstairs apartment had been vacant for several months and the downstairs apartment was boarded up).

**12.** We have routinely referred to burglary in a dwelling as "residential burglary." *See, e.g., Champion,* 908 P.2d at 470; *Wesolic v. State,* 837 P.2d 130, 134 (Alaska App.1992). Other states have formally classified burglary in a dwelling as "residential burglary." *See* Ark.Code Ann. § 5-39–201 (Michie 1997); 720 Ill. Comp. Stat. 5/19–3 (West Supp.2002); Wash. Rev.Code Ann. § 9A.52.025 (West 2000).

**13.** *See Pistro v. State,* 590 P.2d 884, 887 & n. 10 (Alaska 1979).

**14.** *Cf. Fairbanks N. Star Borough Assessor's Office v. Golden Heart Utils., Inc.,* 13 P.3d 263, 269 (Alaska 2000) (noting that a "leasehold" is a tenant's possessory estate in land or premises).

evicted from his apartment, the Municipality argues, possessory rights had reverted to the landlord, a commercial entity.

The Municipality's proposed construction does not square with the policy behind the trespass ordinance. The ordinance imposes more burdensome duties of notice on commercial and business property owners because of the quasi-public nature of their property. An apartment or other residence does not lose its private character and become commercial simply because it is between rentals and has been repossessed by a lender.

■ Furthermore, the Anchorage zoning ordinances treat apartment buildings as residential property,[15] and the Municipality points to no contrary definitions in the municipal code to suggest that apartments should be characterized differently for purposes of the trespass ordinance. "Unless words have acquired a peculiar meaning, by virtue of statutory definition or judicial construction, they are to be construed in accordance with their common usage."[16] Webster's New World Dictionary defines "residential" as "of or connected with residence" and "of, characterized by, or suitable for residences, or homes."[17] Because an apartment falls within the commonly used definition of residence, we conclude that Houston was charged and convicted under the wrong subsection of the trespass ordinance.

#### Should Houston's conviction be reversed?

■ The question remains whether Houston's conviction should be reversed because of this error. Under Criminal Rule 7(c), a defect in the form of an information does not invalidate a conviction unless the defendant's substantial rights were prejudiced. Similarly, under Criminal Rule 7(e), an information may be amended any time before a verdict if "no additional or different offense is charged and the substantial rights of the defendant are not prejudiced." If the Municipality had amended the information to charge Houston with trespass on residential property, that amendment would not have alleged a change in the nature of Houston's underlying criminal act: entering or remaining in an apartment when he had notice that the apartment was not open to him. The information fully apprised Houston that the charged offense included those essential elements.[18]

Furthermore, the parties never disputed that Houston was in the apartment at the time of his arrest. To convict Houston of trespassing on commercial property under AMC 8.45.010(A)(2)(c), the jury was required to find the elements necessary to that offense—that he knowingly entered or remained in the property when he had actual notice not to be there. If Houston had actual notice that he was not allowed in the apartment, he necessarily also entered or remained "without a privilege to do so"—the elements required to convict him of trespass on residential property under AMC 8.45.010(A)(1). Thus, under the facts of Houston's case, trespassing on residential property was in effect a lesser-included offense of trespassing on commercial property.[19]

Lastly, Houston has not shown how he was prejudiced because he was charged under the wrong subsection of the trespass ordinance. Houston's main defense at trial was that he had not committed the offense the Municipality had charged him with—trespassing on commercial property. When Judge Lohff ruled mid-trial that the type of property trespassed upon was irrelevant under the facts of the case, this ruling conceivably might have prejudiced Houston if, in reliance on the Municipality's charging error, he had not fully prepared an alternative available defense. But Houston's brief on appeal does not suggest how his defense would have been

---

15. See AMC 21.40.040–.060.

16. State, Dep't of Revenue v. Debenham Elec. Supply Co., 612 P.2d 1001, 1002 (Alaska 1980).

17. Webster's New World Dictionary 1142 (3d coll. ed.1988). The Anchorage zoning ordinances define "residential" as "activity involving the occupation of buildings for living, cooking, sleeping and recreation." AMC 21.35.020.

18. Cf. Cheely v. State, 850 P.2d 653, 658–63 (Alaska App.1993).

19. See Alaska R.Crim. P. 31(c).

different if he had been charged correctly. Nor can we discern any obvious defense from the record, given that Houston concedes he entered the apartment on October 5 after receiving notice to be out of the apartment by October 4.

At trial, Houston told Judge Lohff that he would have cross-examined the police officers differently if he had been charged with trespassing on residential property. But the only testimony Houston elicited from the officers that was relevant to the type of property he entered was either neutral or would have worked to his benefit if he had been charged with residential trespass—the officers characterized the property as an "apartment complex," "where people live," and "commercial property, which is apartment rentals." Moreover, Houston offered no convincing alternative defense. He testified that he had difficulty reading the documents notifying him of the exact time he was required to be out of the apartment, but he conceded he knew he was supposed to be out of the apartment by October 4. At one point, Houston testified that he had not entered the apartment through the window as alleged;

but elsewhere he acknowledged he had climbed through the window on October 5. He complained that the apartment management had locked him out of the apartment and otherwise made it difficult for him to remove his property by the October 4 deadline. But the jury convicted Houston despite this testimony.

Because Houston has not demonstrated that the Municipality's error in charging him under the wrong subsection of the trespass ordinance prejudiced him, we conclude that the error was harmless.[20] Therefore, the district court did not err in denying Houston's motion for judgment of acquittal.

*Conclusion*

The jury's verdict is AFFIRMED.

20. *See McGahan v. State,* 606 P.2d 396, 397–98 (Alaska 1980).