Argued February 21, affirmed April 3, 1978

STATE OF OREGON, *Appellant,*
*v.*
LOREN EUGENE SICKS, *Respondent.*
(No. 76-5606, CA 8770)

576 P2d 834

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Paul R. Frisch, Eugene, argued the cause for respondent. With him on the brief was Morrow & McCrea, P.C., Eugene.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Defendant was charged with sodomy in the third degree. ORS 163.385. The indictment alleged that he had engaged in deviate sexual intercourse with a named male under the age of sixteen years.

Prior to trial defendant moved that certain evidence concerning similar acts between himself and other boys be ruled inadmissible. At the hearing on the motion the state indicated that it intended to call as witnesses fourteen other male youths who would testify that they had similar experiences with defendant at his place of business. In conjunction with that testimony the state planned to introduce a series of photographs of each of the witnesses allegedly taken by defendant. The state represented that it would also call two other boys who had participated with defendant and the alleged victim in group sexual activity. The court allowed defendant's motion in part, ruling inadmissible the evidence concerning acts with the boys who had not participated in the group activities. The state appeals pursuant to ORS 138.060(3).[1] *See State v. Koennecke,* 274 Or 169, 545 P2d 127 (1976); *State v. Hoare,* 20 Or App 439, 532 P2d 240 (1975).

In order for evidence of crimes or bad acts other than those charged in the indictment to be admissible, the state must first establish that the evidence is probative of some fact the state is entitled to show." *State v. Hockings,* 29 Or App 139, 145, 562 P2d 587, *rev den* (1977), *cert den* — US —— (Jan. 23, 1978). If the state establishes the requisite relevancy, the evidence may nevertheless be excluded if defendant establishes that "* * * it has prejudicial impact which outweighs [its] probative value." *Hockings,* 29 Or App at 145.

---

[1]ORS 138.060 provides that

"[t]he state may take an appeal from the circuit court or the district court to the Court of Appeals from:

"* * * * *

"(3) An order made prior to trial suppressing evidence; or

"* * * * *."

Generally, the state is not permitted to introduce evidence of other crimes or bad acts solely for the purpose of proving that on the occasion charged defendant acted as he had on prior occasions. *State v. Pitts,* 29 Or App 59, 562 P2d 562, 30 Or App 1, 566 P2d 182, *rev den* (1977). This rule has been strictly applied in sex crime cases, even those involving deviate sexual behavior, insofar as conduct with persons other than the victim is concerned. *State v. Pace,* 187 Or 498, 212 P2d 755 (1949); *State v. Ewing,* 174 Or 487, 149 P2d 765 (1944); *State v. Start,* 65 Or 178, 132 P 512 (1913).

■ The state asserts several arguments for the admissibility of the evidence in question here. The first is that the evidence tends to establish defendant's intent. Although the state must establish not only that defendant performed the alleged acts, but also that he did so with the requisite culpable mental element, the better view is that evidence of similar acts with other persons will not be admitted for this purpose simply because defendant has pled not guilty. *People v. Kelley,* 66 Cal 2d 232, 57 Cal Rptr 363, 424 P2d 947 (1967). Where the charged acts, if proven, would by themselves strongly indicate the required state of mind, evidence of other similar acts should generally be admitted only if defendant concedes the alleged act but claims that it was inadvertent or innocent. *See State v. Start, supra; cf. State v. Zimmerlee,* 261 Or 49, 492 P2d 795 (1972). The evidence was not admissible under this head of the state's argument.

■ Second, the state contends that it was entitled to show as part of its case in chief that defendant made certain exculpatory statements to the police about his course of conduct and that those statements were false. The circuit court properly ruled that the statements could be adequately rebutted by the testimony of the alleged victim and the two youths who would be permitted to testify, without the time-consuming and prejudicial testimony of the fourteen others. *See State v. Hockings, supra.*

■ Third, the state asserts the evidence was admissible to show identity. The simple and adequate answer to that is that identity is not really in issue here as it was in the cases where other crimes evidence has been allowed for that purpose. *E.g., State v. Sterling,* 15 Or App 425, 516 P2d 87 (1973), *rev den* (1974). Defendant has conceded that he and the boy named in the indictment are well acquainted and that the boy would be able to identify him. The contested issue is not identity, but whether the alleged acts were performed.

■ Finally, the state contends that the evidence of the acts with the fourteen others

"* * * should be held admissible because by showing the existence of a larger, continuing and distinct plan to engage in sexual activity with young males to whom he stood in a teacher-student relationship, it legitimately tends to show defendant's guilt of the specific act charged herein."

The state's argument goes far too far. Were such an interpretation of "common plan or scheme" to be accepted, proof of prior similar crimes evidencing a course of conduct would always be admissible. Suffice it to say that that is unacceptable.

Affirmed.