Argued June 27, affirmed September 17, 1979

## STATE OF OREGON,
*Appellant,*

*v.*

## THOMAS GEORGE URLACHER,
*Respondent.*

(No. CC78-531, CA 13196)

600 P2d 445

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Stephen L. Roman, Astoria, argued the cause for respondent. With him on the brief was Zafiratos & Roman, Astoria.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

TANZER, J.

## TANZER, J.

The state appeals from a pretrial order granting defendant's motion to limit evidence in his trial for first degree rape. The circuit court ruled that it would not admit testimony of two women other than the alleged victim that defendant had made aggressive sexual advances toward during the 12 hours preceding the alleged rape. We affirm.

After pretrial discovery, defendant moved to exclude the testimony on the ground that it was evidence of other crimes or bad acts by defendant which were not relevant to the crime charged and would be highly prejudicial to his defense. The court held a pretrial hearing at which the two witnesses testified about their separate encounters with defendant before he met the alleged victim in this case. It concluded that their testimony was not relevant to any material issue in the case, that the primary effect of the evidence would be to blacken his character and establish his propensity to commit the crime charged, and that the potential prejudice to defendant outweighed the probative value to the state.

The first witness testified that she and defendant had made a date to go to a nearby lake. On the way, they stopped at his house to get some drinking glasses. Once there, each had a drink and defendant began making advances. He laid down on top of her, attempted to undo her pants and touched her intimate parts. He did not use "much force" or hurt her. She resisted and when she began to cry, he got up and apologized. She left the house and did not return.

The second witness testified that she met defendant at a bus stop and accepted his invitation to go to a party. On the way, they stopped at defendant's house for him to pick up a coat. He tried to put his arm around her, but she resisted and explained that she was not interested in his advances. Nevertheless, he picked her up and placed her on the couch. She became

angry, got up, and walked out of the house. He drove her back to town. Soon after, he picked up the alleged victim in this case. Defendant admits intercourse with her at his house, but alleges it was consensual.

Relevant evidence of bad acts is inadmissible if the prejudicial effect of such evidence outweighs its probative quality. *State v. Manrique*, 271 Or 201, 205-206, 531 P2d 239 (1975). Conversely, such evidence is admissible if it is more probative than prejudicial. The rule tends to be strictly applied in cases of sexual crimes because such evidence is particularly inflammatory. *State v. Sicks*, 33 Or App 435, 438, 576 P2d 834 (1978).

The state contends that the evidence is relevant in several ways. First, it contends that defendant's prior aggressive sexual advances to the other women (which it denominates as "modus operandi") are relevant to disprove defendant's defense of consent. Similarly, the state argues that the evidence is relevant to defendant's "state of mind" because it suggests that forcible compulsion is his conception of an "amorous advance." The probativeness is not strong in this regard in that the evidence is at least equally suggestive that defendant ceases his advances when confronted with resistance.

Second, the state contends that the testimony is necessary to tell the complete story of the crime. While the state is not required to fragment its proof or make it incomprehensible by excluding relevant evidence merely because that evidence involves other criminal acts, *State v. Hockings*, 29 Or App 139, 562 P2d 587 *rev den* (1977) *cert den* 434 US 1049 (1978), in this case testimony about defendant's prior sexual conduct would contribute negligibly to an understanding of what occurred between the defendant and the prosecutrix.

The facts of this case fall between two other cases involving evidence of prior sexual assaults. In *State v.*

*Johann*, 34 Or App 363, 578 P2d 810 *rev den* (1978), we held that evidence of a prior assault on the street moments before the charged offense was admissible to refute defendant's assertion that the victim of a rape had invited defendant into her apartment after he had walked her home. In *Sicks*, defendant was charged with sodomy with a male under 16. The state wanted to call as witnesses 14 other boys who would testify that they had similar experiences with defendant. The trial court ruled that testimony inadmissible, but did allow testimony of two boys who allegedly participated in group sexual activities with defendant and the complaining witnesses. The state appealed, and we affirmed.

In this case, as in *Sicks*, the proffered evidence is peripheral and its tendency to prove that which it is offered to prove is weak. Whatever minimal probative value may inhere in the testimony of the two women whom defendant assaulted is outweighed by its tendency to prejudice the jury against defendant or to direct the jury's consideration from the act charged. Of course, pretrial evidentiary rulings are by their nature subject to change according to developments at trial.

Affirmed.