STATE OF OREGON,
*Respondent,*

*v.*

HAROLD DESMA BRAY,
*Appellant.*

(No. 10-79-11682, CA 19804)

639 P2d 702

Terence J. Hammons, Eugene, argued the cause for appellant. With him on the brief was Hammons & Jensen, Eugene.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals his convictions for first-degree rape and second-degree sexual abuse. He was charged with those two counts in a single indictment. The victim was defendant's 15-year-old stepdaughter, who complained of periodic sexual abuse by her stepfather over the past five years. The charges arose out of incidents at the end of that time, just before the victim left her stepfather's home.

Before trial, defendant moved to sever the two charges for trial on three grounds: that he might testify on only one charge, that he might waive jury trial on one charge and that the scope of admissible evidence would differ on each charge. The court denied the motion without inquiring about the state's position; the state neither filed an opposing memorandum nor otherwise indicated its opposition to the motion.

Although the indictment charged that both criminal acts were committed on or about February 15, 1978, "as part of the same act and transaction," the prosecution was able to show only acts of sexual abuse which occurred at times and dates other than the rape. Neither act relied upon by the state was part of the rape, and one occurred at least a week after the rape. Defendant could not tell from the indictment that the state intended to prove separate incidents[1] and proceeded to trial on both charges before a jury.

Defendant's contention that the evidence would not be the same on the two charges proved correct when the trial court ruled, late in the trial, that an admission made by defendant concerning sexual contact with the victim was admissible on the sexual abuse charge but not

---

[1] The charges perhaps should not have been joined under ORS 132.560(2):

"When there are several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."
    See State v. Fitzgerald, 267 Or 266, 271, 273, 516 P2d 1280 (1973).

It appears that charges were joined because the victim related periodic incidents as part of a continuing abusive relationship but could not recall specific dates or more than a few specific incidents because she had blocked much of the abuse from her memory.

on the rape charge. Defendant then waived jury trial on the sexual abuse charge to keep that admission from the jury in the rape case.

In his pretrial motion, defendant had argued that some evidence of prior conduct relevant to the sexual abuse charge was more prejudicial than relevant to the rape charge. *See State v. Urlacher,* 42 Or App 141, 144, 600 P2d 445 (1979) (rule to exclude such evidence strictly applied in sex crime cases, because evidence is particularly inflammatory). The jury, however, heard this evidence and heard opening statements referring to both charges. The damage defendant sought to avoid by severance was done by the time he waived jury trial on the second count.

■ Oregon courts have traditionally held that motions to sever joinable offenses should be granted in most cases. *State v. Boyd,* 271 Or 558, 568-569, 533 P2d 795 (1975):

"The practical effect of the foregoing analysis may be summarized as follows. Hereafter, whenever the prosecutor becomes aware of multiple charges facing a single defendant, he must make an initial determination of whether the charges are unitary, that is whether they grew out of a single act or transaction. Unless the prosecutor is absolutely certain that presenting the facts underlying each charge will not necessitate reference to the facts underlying another, the prosecutor should move for joinder of the charges for trial. The defendant may oppose, acquiesce in, or join in this motion or, if the charges were initially brought together, move for severance. The defendant will thus be forced to make a choice as to joinder or severance which, in the vast majority of cases, should be accepted. Any objections the defendant might make to the prosecutor's choice would thereafter be waived. In the rare case in which the prosecutor would have an interest in opposing the defendant's choice of joinder or severance, the trial and appellate courts will determine whether the charges are unitary by reference to their factual interrelation in terms of the *[State v.] Fitzgerald,* [267 Or 266, 516 P2d 1280 (1973)] test. In making this determination, the emphasis of necessity will be on the accused's rights to be free from being required to answer more than once for the same act or transaction and to face a trier of fact unprejudiced by damning evidence of extraneous transactions. Because these two rights may appear to conflict before the evidence is actually adduced at trial, the accused's choice should normally be accepted unless clearly improper."

If the state opposes a well-founded motion, the court must determine if and how the defendant would be prejudiced by a joint trial. *State v. Elam,* 37 Or App 365, 371, 587 P2d 491 (1978).

The state did not oppose the motion here. Defendant set forth valid grounds for his motion. Assuming, without deciding, that *Elam* applies also when the state fails to oppose the motion, the court should have inquired but did not. Rather it sought, in the interest of judicial economy, an alternative to separate trials to avoid possible prejudice:

> "We can take care of those [grounds] very nicely. The defendant can file his jury waiver on whichever count he wants to, and the Court can hear the matter simultaneously, one with the jury and one without a jury, and move the jury in and out if so necessary to achieve the desired results. For those reasons, the motion is denied."

This alternative might have served both judicial economy and defendant's interest had defendant already waived jury trial on the sexual abuse charge.[2] It did not serve here to meet defendant's allegations of potential prejudice and, in fact, may have forced defendant to waive the jury in the sexual abuse case to avoid the jury's hearing evidence irrelevant to the rape charge. Defendant's decision to waive the jury or risk prejudice in the rape case from the admission of the sexual abuse evidence would not have been necessary had defendant been granted separate trials with separate juries. The imposition of that decision on defendant was itself prejudicial. *Cf. State v. Elam, supra,* 37 Or App at 371 (charges so closely related that no relevant evidence was admissible in joint trial that would have been inadmissible in separate trial; there was no prejudice to be lessened).

Because we reverse on the first assigned error, we need consider the second assignment only because there will be a retrial. Defendant contends that evidence of the victim's reputation for truth and veracity should not have

---

[2] On the other hand, if each of the 12 witnesses had some evidence not admissible on one count, the court would have had to excuse the jury 12 times, have all witnesses recalled to testify separately on the bench trial count, or have combined these two procedures. The first and third seem potentially more confusing than economical, and the second would be, in essence, a separate trial.

been admitted to rehabilitate her after impeachment, because she was not impeached by reputation evidence. We note that if defendant is reprosecuted, it will be under new Rule 608 of the Evidence Code. ORS 40.350, added by Or Laws 1981, ch 892, § 52.

Reversed and remanded for a new trial.