Argued and submitted June 21, reversed and remanded October 2, 1985

# STATE OF OREGON,
*Respondent,*

*v.*

# LESLIE WALLACE BOVEE,
*Appellant.*

(10-80-00735; CA A34251)

706 P2d 1005

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Jeffrey Bennett, Assistant Attorney General, Salem,

argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals from a conviction for sodomy in the second degree. He contends that the trial court erred in admitting evidence of his alleged prior sexual misconduct. We conclude that the evidence was inadmissible and reverse.

In February, 1977, defendant, an adult director of a church youth group, supervised a group of young boys at a camp-out at Honeyman State Park. On the evening of February 18, three of the boys who were in defendant's charge were directed to sleep in defendant's trailer. Two of the boys slept in a double bed at one end of the trailer. Defendant instructed the third, the complaining witness, to share defendant's bed. According to the witness, defendant orally sodomized him during the night. Defendant denied that he had engaged in any sexual activity. He contended that the allegations were the result of defendant's wife's conspiracy to bring false charges against him in order to obtain advantageous terms in a prospective marriage dissolution.

Defendant raises two assignments of error that present essentially the same legal issue. First, he contends that the trial court erred in admitting the testimony of a witness who testified that, during a previous camping trip, defendant had similarly sodomized him. Defendant also contends that the trial court erred in allowing the state to cross-examine defendant concerning his knowledge that other specifically named young boys claimed to have had sexual contact with him.

The state argues that, under OEC 404(3), both the testimony and the cross-examination of defendant were admissible. OEC 404(3) provides:

> "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The first step in an analysis of whether evidence is admissible under OEC 404(3) is to determine whether the evidence is relevant to establish some fact or inference that the state is entitled to prove. *State v. Collins,* 73 Or App 216, 219, 698 P2d

969 (1985). If the evidence is relevant, we next determine whether the probative value of the evidence exceeds its inflammatory nature. *State v. Collins, supra,* 73 Or App at 220.

"Relevant evidence" is any evidence that tends to make the existence of any consequential fact more probable or less probable than it would be without the evidence. OEC 401. The state contends that the testimony is relevant to show:

"(1) that the circumstances that existed on the February 1977 camping trip were sufficiently similar to a prior sexual experience [the witness] had encountered with defendant to lead him to believe that defendant would sodomize whoever he slept with that evening, and (2) that because of his prior sexual contact with defendant, [the witness] was particularly conscious of what events transpired on the evening in question."

Those factors are relevant, the state argues, to prove the events that led to defendant's act of sodomy in this case and to establish the witness' competence to testify in detail.

The witness' belief "that defendant would sodomize whoever he slept with that evening" is relevant, if at all, only to demonstrate defendant's propensity to commit the act alleged. Second, although the witness' prior sexual experience with defendant might have sensitized him so that he was "particularly conscious" of the events of the night at issue, he did not testify specifically to having observed any of defendant's or the complaining witness' actions which are relevant to prove the crime charged. The admission of that testimony requires reversal.

In view of the possibility of a retrial, we consider defendant's second assignment. He argues that the state's cross-examination concerning his awareness that several other youths had alleged having sexual contact with him was irrelevant. We disagree. Once defendant had raised the defense of his wife's conspiracy to fabricate, the questions on cross-examination were relevant to the nature and extent of the alleged conspiracy. That, however, is not the end of the inquiry. In order to be admissible, the probative value of the evidence must exceed its inflammatory nature:

"Four factors are relevant in that determination: (1) The need for the evidence; (2) the certainty that the other crime was committed and that defendant was the actor; (3) the

strength or weakness of the evidence; and (4) its inflammatory effect on the jury." *State v. Collins, supra,* 73 Or App at 220.

We review for abuse of discretion. *State v. White,* 71 Or App 299, 302, 692 P2d 167 (1984), *rev den* 293 Or 705 (1985).

■.	Only the first and fourth factors are applicable here.[1] Defendant argues that there were other means of proof, less inflammatory, available to rebut defendant's conspiracy theory. He suggests, for example, that the purported victim and the other witness could have testified as rebuttal witnesses to deny the existence of a conspiracy.[2] Perhaps that is true, but that might have been less effective than the cross-examination in rebutting defendant's conspiracy theory.

As to the fourth factor, the evidence clearly would have had an inflammatory effect on a jury.[3] However, the record shows that the trial court understood the limited purpose of the cross-examination and refused to let the state inquire any further than was relevant to the fabrication defense.[4] There is nothing in the record to indicate that the trial judge considered the evidence for anything other than its limited permissible purpose. On this record, we cannot say

---

[1] The remaining factors are not applicable, because the state's attempt to rebut defendant's conspiracy theory focused primarily on defendant's awareness of the allegations, not on their truth.

[2] The state attempted to call defendant's wife as a rebuttal witness. She was not permitted to testify, however, because she had remained in the courtroom after the court granted defendant's motion to exclude witnesses.

[3] Oregon courts have consistently recognized that, because evidence of previous sex crimes has a highly inflammatory effect on a jury, the general rule against admission of that kind of evidence should be strictly applied. *State v. Pace,* 187 Or 498, 212 P2d 755 (1949); *State v. Collins, supra,* 73 Or App at 222; *State v. Sicks,* 33 Or App 435, 438, 576 P2d 834 (1978).

[4] For example:

"Q You know that [another youth] claims that you had sexual contact with him, don't you?

"A I read that report.

"Q Did you have sexual contact with him, ever, at any time?

"A Yes, I did.

"Q Tell us about that, would you please?

"MR McCrea: Object. He said he did, it's irrelevant, what the details of it might have been.

"THE COURT: Sustained."

that the trial court acted outside the range of its discretion in permitting the cross-examination.

Reversed and remanded for new trial.