**STATE of Utah, Plaintiff and Respondent,**

v.

**Phillip Frederick COX, Defendant and Appellant.**

**No. 890331–CA.**

Court of Appeals of Utah.

Jan. 31, 1990.

---

John R. Bucher, Salt Lake City, for defendant and appellant.

R. Paul Van Dam and Dan R. Larsen, Salt Lake City, for plaintiff and respondent.

Before DAVIDSON, GARFF and JACKSON, JJ.

OPINION

DAVIDSON, Judge:

Defendant Phillip Frederick Cox was convicted by a jury of rape. He argues on

appeal that the trial court erred by admitting evidence of alleged prior unprosecuted sexual assaults. He also argues that the trial court should have admitted evidence concerning the victim's reputation in the community for chastity. We reverse.

In the early morning hours of July 16, 1987, defendant went to the victim's home in Ferron, Utah, and committed the alleged rape. The victim reported the incident to the Emery County Sheriff's Office later that day.

During the course of investigation, the victim reported a prior act of nonconsensual intercourse that occurred between defendant and the victim on June 26, 1987.[1] Later, two other women in the community reported that they were sexually assaulted by defendant in 1985. These incidents were reported to police after it was learned that charges were pending against defendant. Over defendant's objection, both women testified at trial about the 1985 incidents and the victim testified about the June 26, 1987, incident.

## PRIOR BAD ACTS

Defendant first argues that the 1985 incidents were unrelated to the July 1987 rape and were introduced simply to demonstrate defendant's bad character. The State argues that the testimony of both women was properly admitted to show defendant's intent, motive, plan, or knowledge. Defendant and the State rely on Utah R.Evid. 404(b) which provides as follows:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ Evidence of prior bad acts is admissible at trial provided it has "a special relevance to a controverted issue and is introduced for a purpose other than to show the defendant's predisposition to criminality." *State v. Featherson*, 781 P.2d 424, 426 (Utah 1989) (quoting *State v. Shickles*, 760 P.2d 291, 295 (Utah 1988)). When prior bad act evidence establishes a constitutive element of the crime and is directly probative of a disputed issue it may be admissible even if it tends to prove that defendant has committed other crimes. *Id. See also State v. Gotschall*, 782 P.2d 459, 462–63 (Utah 1989) (admission of defendant's threatening remarks made several hours before killing relevant to show defendant's state of mind); *Shickles*, 760 P.2d at 295–96 (evidence of defendant's sexual assaults performed on child victim admissible in kidnapping trial when defendant had prior trusting relationship with victim's family and intent to kidnap was hotly contested issue); *State v. Johnson*, 748 P.2d 1069, 1075 (Utah 1987) (evidence of other forgery acts relevant and probative when defendant's identity is at issue).

Even if evidence of other crimes has relevance beyond proving mere criminal disposition, it is still subject to the protections of Utah R.Evid. 403. *Featherson*, 781 P.2d at 426. Rule 403 provides in pertinent part:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury....

The court must balance the probative value of such evidence against the danger of unfair prejudice. In applying the rule 403 balancing test, the court may consider such things as "the similarities between the crimes, the interval of time that has elapsed between the crimes, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence probably will rouse the jury to overmastering hostility." *Shickles*, 760 P.2d at 295 (quoting E. Cleary, *McCormick on Evidence*, § 190, at 565 (3d ed.1984)).

---

1. At trial, the victim stated that she had known defendant for approximately four years. She also admitted on direct examination that she and defendant had prior consensual intercourse four or five times between May and June 1987, but that she affirmatively ended the relationship in mid-June 1987.

The first prior incident allegedly occurred in mid-September 1985. The second incident allegedly occurred on November 30, 1985. Both were first reported two years later. The trial court held a hearing outside the presence of the jury and ruled that the evidence was admissible to show defendant's "intent, plan, [or] prior knowledge," since certain of the actions on each occasion were similar.

■ On appeal, the State argues that the similarities between the 1985 incidents and the 1987 incident justify admission because the evidence shows a modus operandi or common design which rebuts the defense of consent.[2] It contends that the following factors are common to each assault:

(1) defendant knew each victim; (2) defendant had nonconsensual intercourse, at each victims' home, while the victims' boyfriends or husbands were not home; (3) defendant was uninvited and began the assaults soon after entering the home; (4) defendant laid on top of the victims; (5) defendant did not completely remove his clothing or the victims' clothing, and in each instance, attempted to kiss the victim on the face and neck; and (6) defendant left the premises after completing the assault.

We cannot conclude that the actions of defendant constitute a common design or modus operandi: The similarities are common to many assault or rape cases and are not peculiarly distinctive of defendant's conduct. *See e.g. Featherson*, 781 P.2d at 428. Defendant's acts were not "so unique as to constitute a signature." *Youngblood v. Sullivan*, 52 Or.App. 173, 628 P.2d 400, 402 (1981) (evidence of similar prior sexual assault in public park toilet admissible to rebut defendant's claim of consent). Nor was defendant's identity in issue. *See Johnson*, 748 P.2d at 1074 (prior bad acts admitted under identity exception to rule

404(b)); *State v. Urlacher*, 42 Or.App. 141, 600 P.2d 445, 446 (1979) (prior sexual advances toward women other than victim inadmissible). In the instant case, "the State has fallen into the common error of equating acts and circumstances which are merely similar in nature with the more narrow common scheme or plan." *Featherson*, 781 P.2d at 429 (quoting *State v. Harris*, 36 Wash.App. 746, 751, 677 P.2d 202, 205 (1984)); *see also State v. Hansen*, 187 Mont. 91, 608 P.2d 1083, 1086 (1980), *appeal after remand*, 633 P.2d 1202 (Mont. 1981).

■ It was also error to admit evidence of these prior bad acts because they were too remote in time to the crime charged. The remoteness inquiry asks whether "other acts have clearly probative value with respect to the intent of the accused *at the time of the offense charged.*" *Featherson*, 781 P.2d at 430 (quoting *United States v. Scott*, 701 F.2d 1340, 1345–46 (11th Cir.) *reh'g denied*, 707 F.2d 523, *cert. denied*, 464 U.S. 856, 104 S.Ct. 175, 78 L.Ed.2d 158 (1983). The two prior acts occurred nearly two years before defendant was charged with a third, unrelated sexual assault. There is no apparent connection between defendant's earlier conduct and his intent in relation to the 1987 rape charge. *Featherson*, at 430; *United States v. Cuch*, 842 F.2d 1173, 1176 (10th Cir.1988). Any relevance which might be found in this evidence was substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury." *Featherson*, 781 P.2d at 431 (quoting Utah R.Evid. 403).

## JUNE 26, 1987, INCIDENT

■ Defendant next contends that the prior alleged act of nonconsensual intercourse between defendant and the victim was similarly inadmissible because it only

---

2. Modus operandi is "a distinct pattern or method of procedure thought to be characteristic of an individual criminal and habitually followed by him." *Youngblood v. Sullivan*, 52 Or.App. 173, 628 P.2d 400, 402 (1981) (quoting *Webster's New International Dictionary* (3d ed.1976)). Common design evidence "refers to a larger criminal scheme of which the crime charged is

only a portion." *People v. Barbour*, 106 Ill. App.3d 993, 62 Ill. Dec. 641, 646, 436 N.E.2d 667, 672, *cert. denied* (1982). Common design evidence tends to show motive for the crime charged; modus operandi is useful in proving that defendant is the perpetrator of the crime. *Id.*

demonstrated defendant's criminal disposition and was unfairly prejudicial. The State contends that this evidence again shows defendant's intent, knowledge, common plan, and modus operandi. They argue that this prior act was substantially similar to the other acts. Although the prior act of nonconsensual intercourse with the victim is less remote than the other two prior acts, it is still unfairly prejudicial because it has no direct bearing on defendant's intent on the date of the alleged rape. We therefore hold that it was also error to introduce this evidence.

## REVERSIBLE ERROR

■ "In order to constitute reversible error, the error complained of must be sufficiently prejudicial that there is a reasonable likelihood of a more favorable result for the defendant in its absence." *Featherson* at 431; *State v. Bruce*, 779 P.2d 646, 656 (Utah 1989); *State v. Gentry*, 747 P.2d 1032, 1038 (Utah 1987). Although the State presented evidence which might be sufficient to sustain a rape conviction, we are nevertheless persuaded that the jury may have reached a different result in the absence of the highly prejudicial evidence of the prior sexual assaults. *See State v. Mitchell*, 779 P.2d 1116, 1122 (Utah 1989) (if the "taint" caused by inadmissible evidence is sufficient, "it is irrelevant that there is sufficient untainted evidence to support a verdict"). The evidence of the prior crimes "presumptively had a strong tendency to suggest to the jury that defendant was guilty of the charged crime." *Bruce*, 779 P.2d at 657 (Zimmerman, J., concurring and dissenting).

We decline to reach the other issues raised by defendant and instead reverse defendant's conviction and remand for a new trial.

GARFF, J., concurs.

JACKSON, Judge (dissenting):

This case presents a narrow issue—consent as a defense to rape. If the victim consented, rape was not committed. Defendant admits entering the victim's home by climbing through a window during the nighttime and the act of sexual penetration.

I would distinguish *State v. Featherson*, 781 P.2d 424 (Utah 1989), which deals with a similar, but not identical issue. In *Featherson*, the evidence of prior bad acts was "lustful conduct" of the defendant prior to an "aggravated sexual assault." Consent to rape was not an issue. The cases relied on in section IB of *Featherson* are not factually or legally the same as we have here. In those cases, the defendants did not follow through with rape in the prior incidents. The Oregon case cited in *Featherson*, *State v. Urlacher*, 42 Or.App. 141, 600 P.2d 445 (1979), involved sexual advances to two women, but defendant did not proceed when one cried and the other got angry. The court said the evidence was peripheral. I think this case is more like another Oregon case relied upon by the State, *Youngblood v. Sullivan*, 52 Or.App. 173, 628 P.2d 400 (1981). There, defendant raped and sodomized two women he did not know in restrooms in parks at midday. The court said this evidence of prior acts was admissible to show *modus operandi*, which rebuts the defense of consent. In this case, two women known to Cox were raped by him in their homes at night after he knew their male companions were gone. Cox utilized the same *modus operandi* in this case.

I prefer the rationale of *Youngblood* based on facts closer to those here. I would therefore affirm defendant's conviction based on *Youngblood* and distinguish *Featherson* as indicated.