Argued January 22, affirmed February 9, reconsideration denied March 17, petition for review denied April 13, 1976

STATE OF OREGON, *Respondent,*

*v.*

ROLLIN LEE SPENCER, *Appellant.*

(No. 35840, CA 5031)

545 P2d 611

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant was convicted of burglary in the first degree in violation of ORS 164.225. The facts are not in dispute. Defendant admitted boarding the fishing vessel, *Advance,* with a friend at 4:30 a.m. They pushed the window in, unlocked the door, started the engine, took off with the boat and ran aground. They could not get the *Advance* off the sandbar so they launched a skiff over the side and rowed to the dock.

Burglary in the first degree is defined under ORS 164.225 as follows:

"(1) A person commits the crime of burglary in the first degree if he violates ORS 164.215 and the building is a dwelling. * * *."

ORS 164.215(1) states:

"A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein."

The terms "building" and "dwelling" are defined in ORS 164.205:

"(1) 'Building,' in addition to its ordinary meaning, includes any booth, vehicle, *boat,* aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein. * * *

"(2) 'Dwelling' means a building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present."[1] (Emphasis supplied.)

Defendant assigns as error the trial court's denial of his motion for a judgment of acquittal contending that defendant did not commit a burglary since his intent at the time of entry was the theft of the entire "building," or at least its unauthorized use. If defendant had intended to steal items stored in the boat, his actions would have constituted burglary.

If the legislature had analyzed the matter, we doubt

---

[1] There is no argument concerning the degree of burglary. It is conceded that the *Advance* is a dwelling.

that it would have considered it a less serious offense for a person to enter a vessel intending to steal it and its contents rather than to enter intending to steal just the contents.[2]

Affirmed.

---

[2]The issue in this case has some similarity to that discussed in *Rumpelheimer v. Haddock,* Herbert, Uncommon Law 237 (10th ed 1964). The Thames had overflowed placing Chiswick Mall, the thoroughfare which runs along its north bank, under about a foot of water. Mr. Rumpelheimer, driving an automobile on Chiswick Mall during this time, collided with a small boat being paddled by Mr. Haddock. The issue arose as to which applied—the traffic laws or the regulations for prevention of collisions at sea.