**Kent L. SHOEMAKER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1011.**

Court of Appeals of Alaska.

April 4, 1986.

Carmen L. Gutierrez, Asst. Public Defender, Ketchikan, and Dana Fabe, Public Defender, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

Kent L. Shoemaker was convicted of burglary in the first degree in violation of AS 11.46.300(a)(1). The facts are not in dispute. Shoemaker boarded the fishing vessel Windrush sometime in late July 1984. He gained entry to the cabin by sawing through the hasp on the door lock. It appears that Shoemaker lived aboard the Windrush from July 20, 1984, until he was arrested on August 17, 1984. Shoemaker falsely claimed to have purchased the vessel and told the officers that he had taken it on a fishing trip to Yes Bay, about twenty-five miles from Ketchikan. In addition, on July 23, 1984, Shoemaker was observed with the boat at Foggy Bay about thirty to thirty-five miles southeast of Ketchikan.

Burglary in the first degree is defined under AS 11.46.300(a)(1) as follows:

---

A person commits the crime of burglary in the first degree if the person violates AS 11.46.310 and

(1) the building is a dwelling....

Alaska Statute 11.46.310(a) states:

A person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime in the building.

The terms "building" and "dwelling" are defined in AS 11.81.900(b):

(3) "building," in addition to its usual meaning, includes any propelled vehicle [which is defined to include vessels in AS 11.81.900(b)(44)] ... adapted for overnight accommodation of persons or for carrying on business ...

(17) "dwelling" means a building that is designed for use or is used as a person's permanent or temporary home or place of lodging....

Shoemaker assigns as error the trial court's denial of his motion to dismiss the indictment and his motion for judgment of acquittal. Both motions were based on the same two arguments. First, Shoemaker argues that the vessel Windrush was neither a "dwelling" nor a "building," because no one was living in it or planning to live in it at the time he took possession. Shoemaker reasons that the owners of the boat had decided to sell it and had left it in the Ketchikan boat harbor for that purpose. We are satisfied that a jury could properly find beyond any reasonable doubt that the Windrush is a "dwelling." It was designed to sleep two crew members during the fishing season and was equipped for this purpose. It had a galley, two bunks and an indoor head. In fact, Mike McDonough, the son of the owners, fished with the boat during the 1983 fishing season and lived aboard it from early June until early October of 1983. We note that Shoemaker apparently was living on the boat at the time

of his arrest. The fact that the boat was unoccupied at the time Shoemaker took possession is irrelevant. *See State v. McDonald,* 77 Or.App. 267, 712 P.2d 163, 166–67 (1986).

Shoemaker next argues that he could not be convicted of burglary since the state proved, at most, that at the time he entered and remained aboard the boat he intended to steal or engage in the unauthorized use of the entire boat. He concedes that an intent to steal items stored in the boat would support a finding of burglary, but contends illegal use of the whole boat would not. We disagree. Our burglary statute is violated if a person unlawfully enters a dwelling with the intent to commit any crime therein. Shoemaker was charged with entering the Windrush with the intent to commit criminal mischief. A person commits the crime of criminal mischief in the third degree if, without lawful authority, he takes the propelled vehicle of another. AS 11.46.484(a)(2). This vessel was a propelled vehicle. AS 11.81.900(b)(44). It is clear that Shoemaker had to illegally enter the cabin of the Windrush in order to be able to illegally take it away. He therefore committed criminal mischief in the boat. We agree with the Oregon Court of Appeals that the legislature could not have intended it to be a less serious offense for a person to enter a vessel intending to steal it and its contents, rather than to enter intending to steal only the contents. *See State v. Spencer,* 24 Or.App. 385, 545 P.2d 611, 612 (1976).

The judgment of the superior court is AFFIRMED.