UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Duane HUNT,
Defendant–Appellant.

No. 88–3222.

United States Court of Appeals,
Ninth Circuit.

Feb. 14, 1991.

Lawrence Matasar, Hoffman, Matasar & Glaeser, Portland, Or., for defendant-appellant.

Stephen F. Peifer, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before WRIGHT, TANG and FERNANDEZ, Circuit Judges:

ORDER

The government petitioned for rehearing, urging that our opinion published at 893 F.2d 1028 (9th Cir.1990), misapplied the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). Michael Duane Hunt petitioned for rehearing, inviting this court to reconsider the applicability of good faith reliance by the police on an administrative warrant. We grant the government's petition and deny the defendant's petition.

Our original opinion found the § 924(e)(2)(B)(ii) enhancement inapplicable to Hunt because his Oregon conviction was not "burglary" within the meaning of ACCA. Taylor v. United States, — U.S. ——, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) requires us to reconsider that position.

Under Taylor, an enhancement for burglary is appropriate if the defendant is convicted of a crime "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. 110 S.Ct. at 2158. Hunt's first degree burglary conviction under Or.Rev.Stat. § 164.225 falls within this definition. Section I of our original opinion, 893 F.2d at 1030–31, is withdrawn and the sentence imposed by the district court is reinstated.

We decline the invitation to reconsider whether the good faith exception of United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) is applicable in this case. It was adequately disposed of in our January 8, 1990 opinion. See 893 F.2d at 1032.

Judge Tang would grant rehearing. All judges of the panel have recommended against en banc review. The en banc suggestion was circulated to all active judges of the court and none called for a vote. The en banc suggestion is denied.

The government's petition for rehearing is GRANTED and defendant's petition for rehearing is DENIED. We WITHDRAW our previous opinion, in so far as it discusses the sentence enhancement under 18 U.S.C. § 924(e)(2)(B)(ii), and REINSTATE the sentence imposed by the district court.

TANG, Circuit Judge, dissenting in part:

I respectfully dissent from that part of the order denying Hunt's petition for rehearing.

In our opinion we affirmed the district court's ruling that police validly searched a home for Hunt in good faith reliance on an administrative warrant. We concluded that "Hunt's contention that an administratively issued warrant is constitutionally infirm is irrelevant so long as the police acted in good faith reliance upon the warrant process." *United States v. Hunt*, 893 F.2d 1028, 1032 (9th Cir.1990). In reaching this conclusion, as Hunt argues on petition for rehearing, we overstepped the bounds of the exception the Supreme Court has established for good faith reliance.

In *United States v. Leon*, 468 U.S. 897, 922, 104 S.Ct. 3405, 3420, 82 L.Ed.2d 677 (1984), the Supreme Court held that police may rely in good faith on a judicially issued warrant which is later determined to be constitutionally infirm. The Supreme Court reasoned that excluding evidence obtained pursuant to an infirm warrant could not achieve the salutory result of deterring the judicial branch from issuing infirm warrants. *Id.* at 921, 104 S.Ct. at 3419. In *Illinois v. Krull*, 480 U.S. 340, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987), the Supreme Court refused to exclude evidence obtained in good faith reliance on a state warrantless search statute which was subsequently struck as unconstitutional. As in *Leon*, the *Krull* court reasoned that exclusion of the evidence could achieve no salutory result of deterring legislators from enacting unconstitutional search laws. *Id.* at 352, 107 S.Ct. at 1168. Thus, in both *Leon* and *Krull*, the Supreme Court concluded that police may rely in good faith on permission granted them to search by the judicial or legislative branches of government. The exclusionary rule need not operate against the judicial or legislative branches because neither branch is "inclined to ignore or subvert the Fourth Amendment." *Id.* at 348, 107 S.Ct. at 1166 (quoting *Leon*, 468 U.S. at 916, 104 S.Ct. at 3417).

The rationale underlying the *Leon* and *Krull* good faith exceptions does not obtain in Hunt's case. Police searched a home for Hunt pursuant to an administrative warrant issued by their own branch of government, the executive. As the *Leon* and *Krull* Court reiterated, the exclusionary rule is intended precisely to deter the misconduct of police, officers of the executive branch. Police may rely in good faith on a judicial officer or a legislative enactment, but they should not presume to rely on warrants issued by officers of their own branch who are, after all, "adjuncts of the law enforcement team." *Id.* at 350–51, 107 S.Ct. at 1167–68 (quoting *Leon* at 917, 104 S.Ct. at 3417).

In Hunt's case, it appears that the statute authorizing the administrative warrant pertained only to parolees and probationers, and not to escapees such as Hunt. The "warrant" for Hunt's arrest, Hunt argues, was therefore invalid. The search conducted pursuant to the invalid "warrant" was consequently illegal. We misread *Leon* and *Krull* when we conclude that police good faith reliance on an invalid executive warrant saves the search from unconstitutionality. Indeed, by applying *Leon* and *Krull* to Hunt's case, we permit the judicial and legislative exceptions to swallow the exclusionary rule.