952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Dennis Michael VARNADO, Defendant-Appellee.
 No. 90-30222.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1992.*
Decided Jan. 13, 1992.
 
 Before JAMES R. BROWNING, D.W. NELSON and CANBY, Circuit Judges.
 
 ORDER
 
 1
 Varnado's prior Oregon convictions for first-degree robbery (Or.Rev.Stat. § 164.415) and second-degree assault (Or.Rev.Stat. § 163.175) qualify as violent felonies under the Armed Career Criminal Act because they have "as an element the use, attempted use, or threatened use of physical force against the person of another...." 18 U.S.C. § 924(e)(2)(B)(i).
 
 
 2
 Under the Supreme Court's decision in Taylor v. United States, 110 S.Ct. 2143 (1990), Varnado's conviction for first-degree burglary (Or.Rev.Stat. § 164.225) is a violent felony for the purposes of the Armed Career Criminal Act. See United States v. Hunt, 925 F.2d 1181, 1181 (9th Cir.1991) (order). Taylor governs this case because this case was on direct review when Taylor was decided. See Griffith v. Kentucky, 479 U.S. 314, 328 (1987) (Supreme Court decisions apply to criminal cases on direct review); see also United States v. Harkey, 923 F.2d 138, 138-39 (9th Cir.1991) (order) (applying Taylor retroactively); Hunt, 925 F.2d at 1181 (same); United States v. Cunningham, 911 F.2d 361, 362-63 (9th Cir.1990) (same); United States v. O'Neal, 910 F.2d 663, 666 (9th Cir.1990) (same).
 
 
 3
 The district court erred in finding Varnado did not have three prior convictions for a violent felony within the meaning of 18 U.S.C. § 924(e).
 
 
 4
 We VACATE the sentence and REMAND for resentencing consistent with this opinion.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)