**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Anthony K. SWIFT, Defendant— Appellant.**

No. 04–30230.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2005.

Decided July 13, 2005.*

* Withdrawn and superseding opinion will be published.

Fredric N. Weinhouse, US Attorney's Office, Portland, OR, for Plaintiff—Appellee.

Steven Jacobson, AFPD, FPDOR—Federal Public Defender's Office, Portland, OR, for Defendant—Appellant.

Before: GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Defendant Anthony Swift was convicted by a jury on one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g), and sentenced to a 15-year term of imprisonment. Swift challenges both the conviction and sentence.

### I.

Prior to his arrest, police officers conducted a *Terry* stop and search of Swift's person which revealed that Swift was carrying a firearm. Swift contends the police had no reasonable or particularized suspicion to justify the *Terry* stop. He is mistaken.

The district court properly concluded that the *Terry* stop and search was valid. The aborted 911 calls made late at night, the prior domestic abuse incident, the comment of a woman standing near Swift upon the arrival of the police, and Swift's erratic behavior, when considered as a whole, all support a reasonable inference that it was possible Swift had committed or would soon be committing a crime. *See United States v. Arvizu,* 534 U.S. 266, 274, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (review-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing set of factual circumstances in their totality, and disfavoring appellate review of individual facts in isolation); *see also Illinois v. Wardlow,* 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (nervous and evasive conduct in a high crime area may justify *Terry* stop); *United States v. Robert L.,* 874 F.2d 701, 703 (9th Cir.1989) (emphasizing evaluation of furtive glances highly subjective, must be evaluated case by case).

## II.

■ The district court sentenced Swift to a 180–month term of imprisonment, the minimum allowable sentence under 18 U.S.C. § 924(e), the Armed Career Criminal Act (the "ACCA"). Swift contends the ACCA should not have been applied in his case because two of his predicate offenses are burglary convictions which he asserts do not constitute "violent felonies" according to the rule set forth by the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). We review that question de novo. *See United States v. Sweeten,* 933 F.2d 765, 768 (9th Cir.1991).

The ACCA requires a sentencing court to impose a 15–year minimum sentence where a defendant is convicted of an offense under 18 U.S.C. § 922(g) and has been convicted previously of three "violent felonies." 18 U.S.C. § 924(e). Although the statute expressly includes "burglary" in its definition of "violent felony," *see* 18 U.S.C. § 924(e)(2)(B)(ii), federal courts have sometimes held that burglary convictions under broad state burglary statues

may be beyond the intended scope of the ACCA.

The Supreme Court addressed this issue in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and set forth a generic definition of "burglary" to be used by sentencing courts considering whether a defendant's prior burglary conviction constitutes a "violent felony" within the meaning of the ACCA. We have explained *Taylor's* categorical approach:

> In determining whether a prior conviction was for generic burglary, the sentencing court must apply a categorical approach. [citation.] That is, the sentencing court may only look to the statutory definitions of the prior offenses and may not examine the particular facts underlying the convictions. [citation.] If the statute is broader than generic burglary and would allow a defendant to be convicted even if a jury was not required to find all of the [elements of generic burglary], the conviction is not for generic burglary and thus cannot be considered a violent felony for purposes of the ACCA.

*United States v. Bonat,* 106 F.3d 1472, 1475 (9th Cir.1997) (internal citations omitted).

Swift contends that Oregon's first- and second-degree burglary statutes[1] do not satisfy *Taylor's* generic "burglary" definition, and that the district court therefore erred by concluding that his burglary convictions constituted "violent felonies" under the ACCA. Admittedly, *Taylor's* generic definition of "burglary" is restricted

---

1. O.R.S. § 164.215(1) provides: "a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein."

O.R.S. § 164.225(1) provides: "A person commits the crime of burglary in the first degree if the person violates O.R.S. § 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person: (a) Is armed with a burglary tool or theft device as defined in O.R.S. § 164.235 or a deadly weapon; (b) Causes or attempts to cause physical injury to any person; or (c) Uses or threatens to use a dangerous weapon."

to crimes involving a "building or structure," *Taylor v. United States*, 495 U.S. at p. 599, 110 S.Ct. 2143, while Oregon's burglary statute, by virtue of the expansive statutory definition of "building,"[2] could include other locations, such as a vehicle, boat or aircraft, *see, e.g., State v. Spencer*, 24 Or.App. 385, 545 P.2d 611, 612 (1976) (boat satisfies definition of "building" for purposes of burglary conviction). *But see United States v. Hunt*, 925 F.2d 1181, 1181 (9th Cir.1991) (holding that defendant's conviction under Oregon's first-degree burglary statute was a "violent felony" for purposes of the ACCA); *United States v. Cunningham*, 911 F.2d 361, 363 (9th Cir. 1990) (holding that Oregon's second-degree burglary statute is virtually identical to Taylor's generic definition). Whatever merit Swift's argument may have, however, it is not enough to require resentencing here.

Both the Supreme Court and this court have made clear that a conviction under a nongeneric burglary statute may nevertheless qualify as a "violent felony" for purposes of the ACCA if the charging documents and jury instructions make clear that the jury was required to find all the elements set forth in *Taylor's* generic "burglary" definition in order to convict. *See Taylor v. United States*, 495 U.S. at p. 602, 110 S.Ct. 2143; *see also Shepard v. United States*, —— U.S. ——, —— – ——, 125 S.Ct. 1254, 1259–60, 161 L.Ed.2d 205 (2005) (applying *Taylor's* modified categorical approach to convictions entered after defendant's guilty plea); *accord United States v. Bonat*, 106 F.3d 1472, 1476 (9th Cir.1997). The district court concluded properly that the defendant's Oregon bur-

glary convictions constituted "violent felonies" within the meaning of the ACCA. In both instances, the indictments make clear that Swift was charged with "unlawful ... entry into ... a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *see also Bonat*, 106 F.3d at 1476 (consideration of indictment proper where defendant pleads guilty). We therefore find no error in the district court's application of the ACCA's mandatory minimum sentence.

Although other issues were briefed and argued, they do not require discussion.

The judgment of conviction and sentence are **AFFIRMED**.

---

**2.** The Oregon code provides:

"Building," in addition to its ordinary meaning, includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein. Where a build-

ing consists of separate units, including, but not limited to, separate apartments, offices or rented rooms, each unit is, in addition to being a part of such building, a separate building.

O.R.S. § 164.205(1).