**UNITED STATES of America, Plaintiff—Appellee,**

**v.**

**Anthony K. SWIFT, Defendant— Appellant.**

No. 04–30230.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted May 5, 2005.

Decided Sept. 8, 2005.

Fredric N. Weinhouse, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Steven Jacobson, AFPD, Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

896

## ORDER

The memorandum disposition filed July 13, 2005, is withdrawn and a corrected memorandum disposition is ordered filed.

The appellant's motion for late filing of petition for rehearing is GRANTED. The petition for rehearing received August 18 2005, is deemed filed as of August 18, 2005.

The petition for rehearing is DENIED.

No future petitions for rehearings shall be entertained.

## CORRECTED MEMORANDUM [*]

Defendant Anthony Swift was convicted by a jury on one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and sentenced to a 15–year term of imprisonment. Swift challenges both the conviction and sentence.

### I.

■ Prior to his arrest, police officers conducted a *Terry* stop and search of Swift's person which revealed that Swift was carrying a firearm. Swift contends the police had no reasonable or particularized suspicion to justify the *Terry* stop. He is mistaken.

■ The district court properly concluded that the *Terry* stop and search was valid. The aborted 911 calls made late at night, the prior domestic abuse incident, the comment of a woman standing near Swift upon the arrival of the police, and Swift's erratic behavior, when considered as a whole, all support a reasonable inference that it was possible Swift had committed or would soon be committing a crime. *See United States v. Arvizu,* 534 U.S. 266, 274, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (reviewing set of factual circumstances in their totality, and disfavoring appellate review of individual facts in isolation); *see also Illinois v. Wardlow,* 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (nervous and evasive conduct in a high crime area may justify *Terry* stop); *United States v. Robert L.,* 874 F.2d 701, 703 (9th Cir.1989) (emphasizing evaluation of furtive glances highly subjective, must be evaluated case by case).

### II.

The district court sentenced Swift under the Armed Career Criminal Act (the "ACCA"), which requires the imposition of a 15–year minimum sentence when a defendant is convicted of an offense under 18 U.S.C. § 922(g) and has been convicted previously of three "violent felonies." 18 U.S.C. § 924(e)(1). Swift contends the ACCA should not have been applied in his case because two of his predicate offenses, first- and second-degree burglary convictions under Oregon law, do not constitute "violent felonies." We review that question de novo. *See United States v. Sweeten,* 933 F.2d 765, 768 (9th Cir.1991).

Although the ACCA expressly includes "burglary" in its definition of "violent felony," *see* 18 U.S.C. § 924(e)(2)(B)(ii), Swift argues that his burglary convictions are not "violent felonies" because the Oregon statutes [1] do not satisfy the generic defini-

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[1]. The Oregon code provides: "a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein." Or.Rev.Stat. § 164.215(1).

The code further provides:
A person commits the crime of burglary in the first degree if the person violates O.R.S. § 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person: (a) Is armed with a burglary tool or theft device as defined in O.R.S. § 164.235 or a deadly weapon; (b) Causes or attempts to cause physical injury to any person; or (c) Uses or threatens to use a dangerous weapon.

Or.Rev.Stat. § 164.225(1).

tion of "burglary" applicable to the ACCA. *See Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (*"Taylor"*).

Admittedly, *Taylor's* generic definition of "burglary" is restricted to crimes involving a "building or structure," *Taylor*, 495 U.S. at 599, 110 S.Ct. 2143, while Oregon's burglary statute, by virtue of the expansive statutory definition of "building," [2] could include other locations, such as a vehicle, boat or aircraft, *see, e.g., State v. Spencer*, 24 Or.App. 385, 545 P.2d 611, 612 (1976) (boat satisfies definition of "building" for purposes of burglary conviction). *But see United States v. Hunt*, 925 F.2d 1181, 1181 (9th Cir.1991) (holding that defendant's conviction under Oregon's first-degree burglary statute was a "violent felony" for purposes of the ACCA); *United States v. Cunningham*, 911 F.2d 361, 363 (9th Cir.1990) (holding that Oregon's second-degree burglary statute is virtually identical to Taylor's generic definition). Whatever merit Swift's argument may have, however, it is not enough to require resentencing here.

Both the Supreme Court and this court have made clear that a burglary conviction under a nongeneric statute which follows a guilty plea may qualify as a "violent felony" for purposes of the ACCA if the charging documents, in combination with a signed plea agreement, guilty plea, transcript of plea proceedings, or judgment, reflect that the defendant pled guilty to a crime that contains all the elements of generic "burglary." *See Shepard v. United States*, —— U.S. ——, ———–——, 125

S.Ct. 1254, 1259–60, 161 L.Ed.2d 205 (2005); *United States v. Velasco–Medina*, 305 F.3d 839, 852–53 (9th Cir.2002). Because the indictments, together with the judgments of conviction, make clear that Swift's Oregon convictions satisfy *Taylor's* generic definition of "burglary," the district court concluded properly that those convictions constituted "violent felonies" for purposes of the ACCA. We therefore find no error in the district court's application of the ACCA's mandatory minimum sentence.

Although other issues were briefed and argued, they do not require discussion.

The judgment of conviction and sentence are AFFIRMED.

---

2. The Oregon code provides:

"Building," in addition to its ordinary meaning, includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein. Where a building consists of separate units, including, but not limited to, separate apartments, offices or rented rooms, each unit is, in addition to being a part of such building, a separate building.

Or.Rev.Stat. § 164.205(1).

